402 So.2d 1275 (1981)
Milton RUDOLPH, et al., Appellants,
v.
TITLE & TRUST COMPANY OF FLORIDA, and Dade Commonwealth Title & Abstract Company, Appellees.
No. 80-2259.
District Court of Appeal of Florida, Third District.
August 11, 1981.
Rehearing Denied September 11, 1981.
*1276 Joseph S. Paglino, Miami, for appellants.
Lewis H. Fogle, Jr. and Richard M. Gale, Miami, for appellees.
Before BARKDULL, SCHWARTZ, and BASKIN, JJ.
BASKIN, Judge.
We affirm the Final Judgment entered by the trial court subsequent to the direction of a verdict in favor of appellees. Appellants purchased leasehold estates in condominium units at the Eastern Shores White House. Their purchases and the nature of their interests were evidenced by documents they signed including "Formal Purchase Agreement and Receipt", condominium deed, and "Acknowledgment and Acceptance by Grantee." In each of these documents, appellants acknowledged by their signatures that they accepted leasehold titles to condominium units upon land which was the subject of a ninety-nine year lease to the developer. The Declaration of Condominium also reflected the ninety-nine year lease.
In a class action, appellants sought to collect damages for breach of title insurance policies which insured fee simple interests in the condominium units.[1]
Appellants, having purchased leaseholds, were insured only against defects in their title to the leaseholds. The title insurance company that issued the insurance upon purchase should have been aware from public records that leaseholds and not fee simple interests were obtained by the purchasers, but through inadvertent error, the title insurance company misstated the interests it insured. Furthermore, the policy excluded loss or damage by reason of the original ninety-nine year lease from Gladys Goldman as trustee-lessor to Milton F. Steinhardt as lessee.
Appellants were not induced to purchase their properties by the title insurance they later obtained. The purpose of the insurance is to indemnify an insured against loss through defects of title to purchased property. See 9 Appleman, Insurance Law and Practice, § 5201 at 1 (1981); 18 Fla.Jur., Insurance § 13 (1971). Appellants' claims were not predicated upon defects in title but upon the failure of the title insurance company to produce fee simple title. The title insurance company had no obligation to produce or indemnify fee simple title and was therefore entitled to directed verdict.
Upon consideration of the appeal and cross-appeal, we affirm the trial court's decision.
NOTES
[1] During the jury trial, appellees sought a directed verdict. At the close of the evidence, the trial judge indicated that he had decided to grant the directed verdict but would permit the jury to decide the case so that in the event of reversal he would not be forced to retry the matter. The jurors returned a verdict for appellants in the sum of $2,380,000.